

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D C   20530*

November 19, 2007

FILED

NOV 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Donald M. Ré, Esq.
One Wilshire Building
624 South Grand Avenue, Twenty Second Floor
Los Angeles, California 90017

    Re:    <u>United States v. Babak Maleki</u>, Cr. No. 06-291 (JDB)

Dear Mr. Ré:

    This letter sets forth the full and complete plea offer to your client, Babak Maleki, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

    1.    **<u>Charges and Statutory Penalties</u>**

    Your client agrees to plead guilty to a one-count superseding information that charges him with making a material false statement in violation of 18 U.S.C. § 1001.

    Your client understands that the charge in the superseding information carries a maximum sentence of 5 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the crimes charged in the Indictment.  In addition, at the time of sentencing, the Government will move to dismiss the Indictment as to your client.  Your

client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2.   **Wiring of Plea Agreement**

Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of guilty plea by his co-defendants, Mojtada Maleki-Gomi, and the entry into a diversion agreement by his co-defendant Shahram Setudeh Nejad. If either of these co-defendants fails to enter into agreements with the Government, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

3.   **Factual Stipulations**

Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that before or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

4.   **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A.   **Offense Level under the Guidelines**

The applicable Guidelines section for the offense of conviction is § 2B1.1. Pursuant to § 2B1.1(a)(2), the base offense level is **6**.

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a).

The government is unaware of an other Guidelines adjustments applicable to your client. Thus, in accordance with the above, the applicable Guidelines level is **4**.

**B.     Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), your client has no prior convictions that the Probation Office may include in calculating his Criminal History Category.

Thus, in accordance with the above, your client's Criminal History Category is **I**.

**C.     Applicable Guidelines Range**

Based upon the calculations set forth above, your client's stipulated Guidelines range is **0 to 6 months (the "Stipulated Guidelines Range")**. In addition, the parties agree should the Court impose a fine, at Guidelines level of **4**, the applicable fine range is **$250 to $5,000**, pursuant to § 5E1.2(c)(3).

The parties agree that, under the Guidelines, neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment. In addition, the government agrees to recommend a sentence of probation.

**5.     Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

6. **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

7. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Appeal Waiver**

Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal the sentence in this sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

9. **Forfeiture**

Your client agrees to the criminal forfeiture of your client's interest in the property

described in the forfeiture allegation contained in the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Iranian Transactions Regulations ("ITR"), 31 C.F.R. Part 560, charged in Count One of the Indictment. This property consists of $28,000.00 that law enforcement agents seized from the Union Bank of California, Account No. 0360003264, 10900 Wilshire Blvd., Suite 101, Los Angeles, California 90024, pursuant to a seizure warrant executed on October 5, 2006. In order to effectuate the forfeiture, your client agrees to the entry of a consent decree of forfeiture, a copy of which is attached hereto. Your client further agrees not to contest the administrative forfeiture of the aforementioned property if such administrative forfeiture proceedings are initiated by a law enforcement agency.

11. **Release Pending Sentencing**

Your client acknowledges that, while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

12. **Venue**

The parties agree that venue is appropriate in the District of Columbia for the offense charged in the Information. Notwithstanding this agreement, the defendant also waives any challenge to venue in this district.

13. **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f)

-5-

and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## 14.    Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## 15.    Debriefings Concerning Foreign Intelligence Information

As consideration for this plea agreement, your client has undergone a debriefing concerning information that he might have related to violations of the ITR by other individuals or businesses. Your client also agrees to submit to any further such debriefings at the request of the government. These debriefings and this agreement reflect the principles enunciated in the January 10, 2007, memorandum from Deputy Attorney General Paul J. McNulty titled "Incentives for Targets and Subjects of Criminal Investigations and Criminal Defendants in Criminal Cases to Provide Foreign Intelligence Information."

16. **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Very truly yours,

JEFFREY A. TAYLOR
United States Attorney

JAY I. BRATT
Assistant United States Attorney
(202) 353-3602

DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Donald M. Ré. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in

connection with this Plea Agreement and matters related to it.

Date: 11-19-07

_____
BABAK MALEKI
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 11/19/07

_____
DONALD M. RÉ
Attorney for Defendant