UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Case No.: 06-291 (JDB) |
| BABAK MALEKI,<br>    Also known as Bobby | : |
| Defendant. | : |

UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE, RELEASE
BABAK MALEKI ON PERSONAL RECOGNIZANCE AND ORDER THE
CLERK TO ISSUE A FULL RECONVEYANCE AND RELEASE OF
<u>PROPERTY PLEDGED AS SECURITY</u>

Comes now the defendant, Babak Maleki, by and through counsel, G. Allen Dale and Donald M. Re, and respectfully moves this Court to issue an Order modifying his conditions of release, releasing him on personal recognizance, and ordering the Clerk of Court to issue a full reconveyance and release of property pledged as security. In support of his unopposed motion, the defendant respectfully states:

1. Babak Maleki was originally released on a $100,000.00 bond secured by an encumbrance on his South Carolina property.

2. Babak Maleki's father, Mojtada Maleki-Gomi, a co-defendant in this matter, was originally released on a $500,000.00 bond secured by an encumbrance on his Los Angeles, California property.

3. It became apparent that Mr. Babak Maleki needed to sell his South Carolina property in order to assist with the living expenses of the family and the anticipated fines which

1

would be imposed by this Court at the time of sentencing. In order to accomplish that, this Court granted an unopposed motion in May, 2007, and ordered, by order filed May 31, 2007, that the $100,000.00 bond secured by the encumbrance on Babak Maleki's South Carolina property be released after a separate $100,000.00 bond was posted by securing an encumbrance on the defendant's father's property in Los Angeles.

4.     The $100,000.00 bond was secured on the Los Angeles property. The South Carolina property was sold. But the proceeds of the South Carolina property had been held in escrow, because, despite repeated efforts on behalf of counsel for the Maleki family, we have been unable to obtain the necessary relief from the Clerk of this Court. We do not wish to point fingers but the Clerk's Office in the United States District Court in Los Angeles, and the United States District Court for the District of Columbia seem to point fingers at one another and regardless who is right and who is wrong, the Maleki's property cannot be released.

5.     Assistant United States Attorney Jay Bratt, fully understanding the problem, has graciously agreed to allow counsel to file this motion unopposed.

6.     The $500,000.00 bond posted by Mojtada Maleki-Gomi would remain in effect. (Actually there was an additional $100,000.00 that has been posted against that property but that is not at issue in this motion).

7.  We pray that the Court sign the attached Order directing the Clerk to execute what we have listed as Exhibit A, a full reconveyance and release of property pledged as security.

Respectfully submitted,

_____/s/_____
G. ALLEN DALE - #954537
Law Offices of G. Allen Dale
601 Pennsylvania Avenue, N.W.
Suite 900 - North Building
Washington, D.C.  20004
(202) 638-2900
gallendale@aol.com


_____/s/_____
DONALD M. RE - SBN 49079
624 S. Grand Avenue, 22nd Floor
Los Angeles, California  90017
(213) 623-4234

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :    Case No.: 06-291 (JDB)
                                   :
BABAK MALEKI,                      :
    Also known as Bobby              :
                                   :
Defendant.                         :
_____:

### O R D E R

    This matter comes before the Court upon unopposed motion of the defendant, Babak Maleki, seeking modification of bond. Based upon the unopposed motion and the entire record herein, it is by this Court this _____ day of December, 2007;

    ORDERED, that the motion is granted; and it is further

    ORDERED, that Babak Maleki's bond be and it hereby is modified; and it is further

    ORDERED, that Babak Maleki be and he hereby is, released on personal recognizance; and it is further

    ORDERED, that the Clerk of Court shall take whatever actions are necessary to ensure that the $100,000.00 bond that was originally secured by an encumbrance on Mr. Maleki's South Carolina property be released, including executing the attached "full reconveyance and release of property pledged as security".

                                                                                     _____
                                                                                     JOHN D. BATES, Judge
                                                                                      United States District Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.   : | Case No.: 06-291 (JDB) |
| : | |
| MOJTADA MALEKI-GOMI   : | |
|    Also known as Moji Maleki,   : | |
| BABAK MALEKI,   : | |
|    Also known as Bobby Maleki   : | |
| Defendants.   : | |
| : | |

**FULL RECONVEYANCE AND RELEASE OF PROPERTY PLEDGED AS SECURITY**

The Clerk of the United States District Court for the District of Columbia, the Mortgagee under the following described mortgage deed: Mortgagor(s) Babak (Bobby) Maleki's property lying and being in the County of Greenville, State of South Carolina, being shown and designated as Unit 406 of 155 Riverplace, Greenville, South Carolina 29601 Riverplace Horizontal Property Regime as is more fully described in the Declaration (Master Deed) dated December 13, 2005 and recorded December 30, 2005 in Deed Book 2182 at page 1458 in the Register of Deeds Office for Greenville County, South Carolina, inclusive and shown on a plat recorded in the Register of Deeds Office for Greenville County, South Carolina in Plat Book 48-V at Page 16-23 requested by the holder of the obligation secured by said Mortgage deed, does hereby reconvey to Babak (Bobby) Maleki without warrant all the estate, title and interest acquired by the same Mortgagee under said mortgage deed. The said Mortgagee does also hereby release and cancel record of the above described mortgage.

In WITNESS WHEREOF, the undersigned, Nancy Mayer-Whittington, Clerk of the United States District Court for the District of Columbia, has hereunto set her signature on, and affixed the Seal of the Court this instrument on this ___ day of _____ 2007.

 

_____
Nancy Mayer-Whittington